## No. 2542.

## J. L. BELBAZE v. THOMAS RATTO.

1. REGISTRATION—STATUTES CONSTRUED.—Construing articles 3157, 3158, 3159 and 4299, Revised Statutes, *held:* That while under the general registration laws instruments that are required to be recorded will be deemed, if properly authenticated, to have been recorded from the date of their filing for record with the proper officer, a different rule was clearly intended by the Legislature to apply to the registry of abstracts of judgments; the latter will not for any purpose be regarded as recorded until they are recorded in fact, and no judgment lien attaches by virtue thereof before such actual registration.

2. AUTHENTICATION.—The following certificate of acknowledgment was attached to a deed:

State of Texas, }
County of Galveston. }

I, P. S. Wren, county clerk in and for Galveston county, on this day personally appeared J. L. Belbaze, known to me to be the person whose name is subscribed to the foregoing and annexed instrument, and acknowledged to me that he executed the same for the purposes and considerations therein expressed.

In testimony whereof I have hereunto signed my name and [SEAL] affixed my seal of office, on this twenty-fourth day of February, A. D. 1886.

P. S. WREN,
Clerk of the county court of Galveston county.

*Held:* The certificate was a substantial compliance with article 4308, Revised Statutes.

APPEAL from Galveston.   Tried below before the Hon. W. H. Stewart.

*McLemore & Campbell,* for appellant.

*Jas. B. Stubbs,* for appellee, cited Revised Statutes, articles 4312, 4308, 4298, 4299, 4332; Chapman v. Allen, 15 Texas, 278; Patton v. King, 26 Texas, 687.

In Huff v. Webb, 64 Texas, 284, a certificate was held defective that omitted the word "he," where it should have appeared.  (McDaniel v. Needham, 61 Texas, 269; Cavit v. Archer, 52 Texas, 166.)

A certificate which omits the word "known" is insufficient. (Tully v. Davies, 30 Illinois, 103; Rogers v. Adams, 66 Alabama, 600.)

So as to the omission of the word "voluntary."  (Wickersham v. Reeves, 1 Iowa, 413; Spitznagle v. Van Hessen, 13 Nebraska, 338.)

The same as to the word "acknowledged."  (Dewey v. Campau, 4 Michigan, 565.)

And generally, see Fryer v. Rockefeller, 63 N. Y., 268; Hinde v. Longworth, 11 Wheaton, 199.

STAYTON, ASSOCIATE JUSTICE.  This is an action of trespass to try title, brought by the appellee to recover lots in the city of Galveston.   The property formerly belonged to J. L. Belbaze, against whom T. Ratto and A. P. Luckett on October 9, 1885, recovered a judgment in the district court of Galveston county for five hundred and ten dollars.

On February 15, 1886, an abstract of that judgment was filed with the county clerk of this county for record; but it was not recorded until March 6, 1886.   On May 26, 1886, an execution issued under that judgment, which, on June 8 following was levied on the property in controversy, and on July 6, 1886, it was sold.

At that sale the appellee became the purchaser and received a deed from the sheriff which was duly recorded on July 8.   So stands the appellee's title.

On February 24, 1886, Belbaze, to secure to the Island City

Savings Bank the sum of one thousand dollars which he owed it, executed to N. Weekes, a trust deed on the property which empowered him as trustee to sell it for the payment of the debt due the bank.

That instrument was filed for record in the office of the county clerk of Galveston county on March 5, 1886, and on the nineteenth of that month it was duly recorded, upon a certificate of acknowledgment which was as follows:

State of Texas, ⎫
County of Galveston. ⎭

I, P. S. Wren, county clerk in and for Galveston county, on this day personally appeared J. L. Belbaze, known to me to be the person whose name is subscribed to the foregoing and annexed instrument, and acknowledged to me that he executed the same for the purposes and considerations therein expressed.

In testimony whereof I have hereunto signed my [SEAL] name and affixed my seal of office, on this twenty-fourth day of February, A. D. 1886.

P. S. WREN,
Clerk of the county court, Galveston county.

On September 11, 1886, the trustee, Weekes, in pursuance of the power conferred on him by the trust deed, sold the property, and at that sale H. Kempner became the purchaser. The cause was tried without a jury, and on these facts a judgment was rendered in favor of the plaintiff.

The statute provides that any person who has obtained a judgment may procure an abstract of it which is required to show certain facts, and it then provides that "when any such abstract as is provided for in the three preceding articles is presented to the clerk of the county court for record, he shall "file and *immediately record* the same in the judgment record, noting in such record the day and hour of such record, and shall also at the same time enter it upon the index." (Revised Statutes, art. 3157.)

"The index to such judgment record shall be alphabetical, and shall show the name of each plaintiff and of each defendant in the judgment, and the number of the pages of the book upon which the abstract is recorded." (Revised Statutes, art. 3158.)

"*When any judgment has been recorded and indexed,* as pro-

vided in the preceding article, *it shall from the date of such record and index operate as a lien* upon all of the real estate of the defendant situated in the county where such record and ndex are made, and upon all real estate which the defendant may thereafter acquire situated in said county." (Rev. Stats., art. 3159.)

Instruments which, under the general registration laws, are required or permitted to be recorded, under the express terms of the statute are deemed recorded from the time they are deposited with the proper officer for record, if they are properly authenticated for record. (Rev. Stats., 4299.)

The statutes which we have quoted, however, evidence the intention of the Legislature to establish a different rule as to the record of abstracts of judgments, and it is too clear that they are not deemed recorded until they are recorded in fact. It is equally clear that it was the intention of the Legislature to give a judgment lien only from the time the abstract was actually recorded and the index required made.

The appellee therein took no right under the record of the abstract of the judgment against Belbaze, and the appellant Kempner has the superior right to the land, if the deed of trust through which he claims was properly authenticated for record. The court below held that it was not, and on this ground entered a judgment for the plaintiff. The statute provides that "the acknowledgment of an instrument of writing for the purpose of being recorded shall be by the grantor or person who executed the same appearing before some officer authorized to take such acknowledgment, and stating that he had executed the same for the consideration and purpose therein stated; and the officer taking such acknowledgment shall make a certificate thereof, sign and seal the same with his seal of office. (Rev. Stats., art. 4308.) The statute gives a form for the certificate of an ordinary acknowledgment, which it declares must be substantially followed, but a failure to follow this in a matter not affecting the substance will not vitiate the certificate.

It is conceded that, if we substitute the words "before me" for the pronoun "I," with which the certificate of authentication begins, the certificate would be strictly and literally in compliance with the form prescribed by the statute; but it is claimed that the want of these words renders it insufficient. The certificate states that the person, whose deed the instrument purports to be, "personally appeared"—by which, if we give to

the words their usual meaning, we are to understand that the grantor in person came, stood before or in the presence of the officer. The word "appeared," used in such a connection as we here find it, evidences as fully as would the words "before me," the fact that the grantor came before the person to whom he appeared in order to invoke some official action. That the grantor appeared before some one is clear, if the certificate be not false, and in the face of the declaration in the certificate that "J. L. Belbaze　*　*　* acknowledged to me that he executed the same for the purposes and considerations therein expressed," no reasonable conclusion can be reached other than that the grantor appeared for the purpose of making that declaration before the officer that he might certify it, and thus authenticate the instrument for record.

The instrument to be acknowledged was evidently in the hands of the officer, for otherwise he could not have placed on it the certificate which it now bears; it was necessary that he should have it in his possession that he might ascertain from it whether it purported to be executed by the person who appeared before him, for the identity of the person he was required, as he did, to certify. It is not to be presumed that the officer obtained possession of the paper in some unlawful manner, or that he used it for a purpose not intended by its maker. Suppositions are indulged as to states of facts which may have existed under which the officer made the certificate, as that "the maker of the trust deed may have appeared before a court and jury as a witness, and in answer to an interrogatory from P. S. Wren may have then acknowledged to Wren that he, Belbaze, executed the instrument "for the purposes and considerations therein expressed," and it is urged that in such case the acknowledgment would not be one made before the officer in his official capacity with a view to authenticate the instrument for record. A certificate to authenticate an instrument for record, given by an officer under such circumstances, would probably render the official guilty of a felony (Penal Code, art. 236), for the words "appeared" and "acknowledged to me," used in such a connection, imply that the appearance was made and the acknowledgment given by the grantor, before the person making the certificate in his official capacity, and with intent that by the use of his official power, signature and seal of office, he might authenticate the instrument for record.

It is asked: Before whom did the grantor appear? Looking

to the entire certificate, the only reasonable answer that can be given this inquiry is that he appeared before the only other person whose name appears in or to the certificate; that he appeared—came into the presence of—the officer to whom he acknowledged that he executed the instrument for the purposes and considerations named in it, appeared before the person who declared that he knew him to be the person whose name was subscribed to the instrument then presented. Any other construction seems to us to do violence to the language used.

We are of opinion that the certificate to the trust deed was sufficient to entitle it to record; and, that having been recorded before the appellee acquired any lien on the property embraced in it, either by record of the abstract of the judgment or levy of execution; that the title to the appellant Kempner to the property in controversy must be sustained.

The judgment of the court below will therefore be reversed and judgment here rendered that the appellee take nothing by his action and that the appellants recover all costs in this court and in the court below incurred.

It is so ordered.

*Reversed and rendered.*

Opinion delivered February 7, 1888.