### CHARLES S. VIDOR ET AL. V. A. B. RAWLINS ET AL.

No. 859. Decided January 22, 1900.

**Judgment Lien—Record of Abstract—Day and Hour.**

The failure of the clerk to enter upon the record the day and hour of recording the abstract of a judgment (Revised Statutes, article 3287) does not affect its lien, which attaches by the terms of the law (Revised Statutes, article 3289) from the time the abstract is recorded and indexed,—the act of recording being complete when the abstract was transcribed on the record. Rev. Stats., art. 3283. (Pp. 261, 262.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

The suit was trespass to try title, brought by Vidor and wife. Plaintiffs had judgment in the District Court, and defendants appealed. The judgment was reversed and rendered by the Court of Civil Appeals, and plaintiffs, there defendants in error, procured a writ of error from the Supreme Court.

*Henry & Henry* and *H. S. Crawford,* for plaintiffs in error.—The failure of the clerk to enter upon the judgment lien record the day and hour of the record of the abstract of judgment does not affect the validity of the lien, where the abstract of judgment was in fact duly recorded before the adverse party acquired any right, title, or interest in or to the land. Sears v. Burnham, 17 N. Y., 445; Wilson v. Swasey, 20 S. W. Rep., 48; Franke v. Brewing Co., 42 S. W. Rep., 861; Burnett v. Cockshatt, 21 S. W. Rep., 950; Oppenheimer v. Robinson, 27 S. W. Rep., 95; Willis v. Downs, 46 S. W. Rep., 920; Glasscock v. Price, 47 S. W. Rep., 965.

*McCormick & Spence,* for defendants in error.—The lien of a judgment is fixed only by the proper recording and indexing of an abstract of the judgment in the office of the county clerk of the county where the land sought to be affected thereby is situated, and neither the existence nor the commencement of such lien can be shown except by the record itself, viz., by the record of the abstract of judgment made by the clerk of the county court of the county in which the land is located. The time of the commencement of a judgment lien must appear by the record of the abstract of judgment in the office of the county clerk of the county in which the land on which the lien is claimed is located. The lien is purely statutory, and neither its existence nor commencement can be proved by parol. The certificate of the clerk, made upon the original abstract of judgment, is incompetent and wholly inadmissible as evidence to establish either the commencement or the existence of the lien. Rev. Stats., arts. 3287-3289; Miller v. Koertge, 70 Texas, 162; Nye v. Moody, 70 Texas, 434; Eby v. Foster, 61 Cal., 282; In re Boyd, 4 Sawyer, 262; Belbaze v. Ratto, 69 Texas, 636; 1 Greenl. on Ev., sec. 86.

BROWN, Associate Justice.—On the 22d of November, 1886, in the District Court of Galveston County, Kate Lee Wallis (now Kate Wallis Vidor), by her guardian, recovered a judgment against Solomon T. Blessing and others for $3021.98, with costs of suit. On the 20th day of December, 1886, an abstract of that judgment, duly certified, was properly presented to the county clerk of Dallas County for record and was by him duly recorded and the index properly made; but he failed to note upon the record "the day and hour of the day" when it was recorded. Kate Lee Wallis, at a subsequent date not given, intermarried with Charles S. Vidor, the plaintiff.

Executions were regularly issued upon the judgment, and in December, 1895, the land in controversy was sold under an execution

issued from the District Court of Galveston County upon that judgment, and was bought by Charles S. Vidor, the plaintiff in the judgment, for the sum of $50. Samuel T. Blessing purchased the land on the 20th of September, 1894, from Solomon T. Blessing, and the deed was recorded September 22, 1894. Charles S. Vidor and his wife sued A. B. Rawlins for the land, he being in possession. Rawlins answered that he was tenant of the administrator of Samuel T. Blessing, deceased. The administrator and the heirs of Samuel T. Blessing made themselves parties defendant to the suit.

Upon the trial it was agreed that Solomon T. Blessing was the common source of title. Plaintiff offered in evidence the abstract of the judgment and a certified copy of the record of it, to which the defendants objected because the county clerk did not note upon the record the day and hour of the day on which the abstract was recorded. The objection was overruled and judgment was given for the plaintiffs. The Court of Civil Appeals reversed the judgment of the District Court and rendered judgment for the defendants for the land. Plaintiffs in error assign the action of the Court of Civil Appeals in holding that the record of the judgment created no lien upon the land, which presents the only question necessary to be discussed.

The following three articles of the Revised Statutes prescribe the duties of the county clerk in reference to abstracts of judgments and also the conditions upon which the lien of the judgment arises:

"Art. 3287. When any such abstract, as is provided for in the three preceding articles, is presented to the clerk of the county court for record, he shall file and immediately record the same in the judgment record, noting in such record the day and hour of such record, and shall also at the same time enter it upon the index.

"Art. 3288. The index to such judgment record shall be alphabetical, and shall show the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded.

"Art. 3289. When any judgment has been recorded and indexed, as provided in the preceding articles, it shall, from the date of such record and index, operate as a lien upon all of the real estate of the defendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire situated in said county."

Article 3287 requires of the clerk to perform four distinct acts: (1) When the abstract is presented, he must file it; (2) immediately record it in the judgment record; (3) note on the record the day and hour of such record; (4) and, at the same time, enter it upon the index. Article 3288 directs the manner in which the index shall be made.

The conditions fixed by the last article are, "when any judgment has been recorded and indexed," it shall operate as a lien upon the real estate of the defendant from the date of such record. To "record" an abstract in the "judgment record" means to transcribe it upon the

book required to be kept for that purpose (article 3283), and, when the abstract was transcribed the act of recording was complete. When the index was made according to article 3282, the abstract was both "recorded and indexed, as provided in the preceding articles," and the conditions prescribed by the statute were fully complied with, and, in strict conformity with the law, the judgment lien became operative from that date. The statute does not prescribe, as one of the conditions, that the clerk of the county court shall enter upon his record the day and hour when he recorded the abstract. The failure of the officer to perform that duty can not be held to defeat a lien which otherwise becomes operative. Sears v. Burnham, 17 N. Y., 445.

The object of placing the abstract upon the record was to give notice to all persons of the existence of the judgment, and to which the index is an important aid. The entry required to be made by the clerk upon the record of the day and hour that he recorded the abstract serves to determine the priority between different judgments filed and recorded against the same defendants, but does not contribute to giving notice of the lien to those seeking information.

This is a statutory lien and can exist only upon the compliance with all the conditions prescribed by the law; but when those conditions are complied with, the lien becomes effective and can not be defeated by the failure of an officer to perform a duty which does not affect the substance of the statutory requirement.

The case of Gullett Gin Company v. Oliver, 78 Texas, 182, referred to by the Court of Civil Appeals in its opinion, does not sustain the judgment of that court, and we think nowhere intimates that such a requirement as that expressed in article 3287 would be considered a condition precedent to the lien of a recorded judgment, unless so expressed in the statute. It is a mere suggestion to the Legislature to remedy a defect in the law, which, at that time, did not afford adequate means for determining questions of priority between conflicting liens.

The Court of Civil Appeals erred in reversing the judgment of the District Court and rendering judgment for the appellants. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and the judgment of the District Court be affirmed.

*Reversed and judgment of District Court affirmed.*