## MISSOURI, K. & T. RY. CO. OF TEXAS v. JURICEK.†

(Court of Civil Appeals of Texas. Austin. Jan. 31, 1912. On Rehearing, March 20, 1912. Second Rehearing Denied April 24, 1912.)

1. APPEAL AND ERROR (§ 1039*)—REVIEW—HARMLESS ERROR—TECHNICAL ERRORS.

Though, in an action for injuries to a passenger from the sudden starting of a train, the complaint alleged that the plaintiff "sustained severe injuries in her abdomen from which she suffered and still suffers great pain," and did not allege that the plaintiff was unable to describe such injuries with greater sufficiency, where nothing occurred on the trial which indicated that the defendant had or could have been surprised by the testimony or that there was any probability that the judgment would have been otherwise had the description been more particular, the insufficiency will not be ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. § 1039.*]

2. TRIAL (§ 260*)—INJURY TO PASSENGER—INSTRUCTIONS—INCLUSION IN GENERAL ISSUE.

In an action by a passenger for injuries from a fall caused by sudden starting of a train, a general charge that, if the plaintiff received the injuries complained of as the proximate cause of the sudden moving or jerking of the train, the jury should find for her, and, "unless you find for plaintiff under the foregoing instructions, you will find for the defendant," did not present the issue of the plaintiff's receiving her injuries by stumbling and falling except in the general negative way; and an instruction submitting that if plaintiff received the injuries by tripping on her skirts, or by stumbling over the door sill leading into the coach of the defendant, they should find for the defendant, should have been given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

3. TRIAL (§ 252*) — INSTRUCTIONS—SUPPORT IN EVIDENCE.

In an action for injuries to a passenger from falling caused by a sudden movement of the train, an instruction that if the plaintiff received her injuries by tripping on her skirts, or by stumbling over the door sill leading into the defendant's coach, and not by the negligent jerk or lurch of the train, the jury should find for the defendant, should have been given, where the testimony of the defendant's auditor, who was the only eyewitness, was to the effect that he was standing within three feet of the plaintiff at the time she fell, and there was no sudden movement of the train.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Appeal from District Court, Williamson County; Chas. A. Wilcox, Judge.

Action by Mrs. Anna Juricek against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 140 S. W. 474.

W. E. Spell and Luther Nickels, for appellant. Dickens & Dickens, for appellee.

JENKINS, J. Appellee herein brought this action to recover damages for injuries alleged to have been received by her while a passenger on appellant's train, inflicted by reason of the negligence of appellant in starting its train suddenly and with a jerk, and causing appellee to fall while she was entering appellant's passenger car, and before she reached her seat.

[1] 1 Appellant assigns as error the refusal of the court to sustain its special exception to appellee's petition, in that said petition did not describe the alleged injuries received by appellee with sufficient certainty; and especially in that it did not sufficiently describe the injuries alleged to have been received by her in her abdomen, and that it did not allege that plaintiff was unable to describe such injuries with greater particularity. The alleged injuries as to appellee in her back and neck, side, hip, and thigh are rather general, but we think not sufficiently so to be subject to demurrer. The only allegation as to the injuries sustained by appellee in her abdomen are as follows: "As a result of defendant's gross negligence, she sustained severe injuries in her abdomen, from which she suffered and still suffers great pain." There are not wanting authorities, a number of which have been cited by appellant, which sustain appellant's contention that this description is subject to demurrer by reason of its want of particularity. Had anything occurred upon the trial which indicated that appellant had or could have been surprised by the testimony introduced to sustain this allegation, or that there was any probability that the judgment would have been otherwise than it was had such alleged injuries been described with greater particularity, we would hold that the exception was well taken; but there is nothing in the evidence in this case, and nothing suggested in argument by appellant, to show that it has been injured by such general and vague description of the alleged injuries, or that the judgment would be different upon another trial by reason of said petition's being amended in this regard. We do not feel called upon to reverse a case for purely technical reasons in matters of procedure, where it is apparent that, upon such errors being cured in another trial, the verdict and judgment would not be changed thereby. We, however, suggest, in view of the decisions upon this question, that it would be well for appellee, upon another trial of this case, to amend her petition and set forth the injuries received with greater particularity if she can do so, and, if she cannot, to so state in the petition.

[2, 3] 2. Appellant assigns error upon the refusal of the court to give the following special charge: "Gentlemen of the jury, you are charged that if you believe from the evidence that the plaintiff received the injuries of which she complains by stepping on the

skirts of her dress, and thus tripping and throwing her, or by stumbling over the door sill leading into the coach of the defendant, and thus receiving said injuries, and not by the negligent jerk or lurch of the train, you will return a verdict for the defendant." This charge is indorsed by the trial judge: "Refused, because in so far as the issues herein are raised by the evidence they are presented in the main charge." In this we think the court was in error. The only charge of the court which in any manner has any reference to the matters set out in the charge requested is that in paragraph No. 4 of the court's charge the jury were instructed that if the plaintiff received the injuries complained of by reason of the defendant's causing its train to move suddenly or with a jerk, and that as the proximate result thereof she received such injuries, they would find for the plaintiff. Paragraph No. 5 of said charge is as follows: "Unless you find for the plaintiff under the foregoing instructions, you will find for the defendant." This charge cannot be said to present the issue of the plaintiff's receiving such injuries by stumbling and falling except in the general negative way that, if she did not receive the injuries by reason of the sudden starting and jerking of the train, the jury should find for the defendant. The defendant was entitled, upon request, to have whatever defense the evidence indicated presented to the jury affirmatively. No witness except the plaintiff and appellant's auditor saw her at the exact time she fell. She states that her fall was caused by the sudden starting and jerking of the train. The auditor, who testifies that he was standing within three feet of her and looking at her when she fell, and assisted her to arise, states that there was no sudden moving or jerking of the train; that the train at the time she fell was moving slowly, and that she stumbled and fell to her knee; that he assisted her to arise and inquired if she was hurt, and she replied to the contrary by shaking her head. The evidence shows that the plaintiff was an old woman and in feeble health. We think, under this testimony, that the defendant was entitled, upon request, to have submitted to the jury affirmatively the issues as to whether or not she stumbled and fell and thereby received her injuries. Appellee, in reply to this assignment of error, says that the evidence did not raise the issue of contributory negligence. This is not a charge as to contributory negligence, but is a charge for the jury to find for the defendant if her injuries were received by her stumbling, and not by reason of the sudden starting or jerking of the train. Such injuries may have been received by her stumbling without negligence on her part, but without fault of the appellant; and such is the positive testimony of the auditor, in which event she would not be entitled to recover.

Appellee further objects to said charge because there was no evidence that she stumbled by reason of stepping on the skirts of her dress. We think the charge, instead of being objectionable on this ground, is more restrictive than was required of the defendant in preparing such charge. The evidence indicates that she might have stumbled by reason of striking her foot against the door sill, or possibly by stepping on her dress, or by her inherent feebleness, or by some unknown cause.

For the error of the court in refusing said charge, the judgment in this case is reversed and the cause remanded.

Reversed and remanded.

### On Rehearing.

We reversed this case for the refusal of the court to give a requested charge to the effect if plaintiff's injuries were caused by her stumbling and falling the jury should return a verdict for defendant. Appellee has filed in this court a certified copy of a special charge given at request of appellants which does so instruct the jury, which charge was not included in the transcript.

It thus being made to appear that no error was committed on the trial of this cause, the motion for a rehearing is granted, the judgment reversing this cause is set aside, and the judgment of the trial court is affirmed.

Motion granted. Judgment below affirmed.