CITY NAT. BANK OF CORPUS CHRISTI v. CRAIG et al. (No. 6581.)

(Court of Civil Appeals of Texas. San Antonio. June 8, 1921. Rehearing Denied June 29, 1921.)

1. Lis pendens ⬀18—Purchaser or incumbrancer has no constructive notice of suit unless notice is filed.

Rev. St. 1911, arts. 6837–6839, prevent the operation of lis pendens in any suit or action where a transfer or incumbrance is executed by a party to the suit to a third party for a valuable consideration without notice, unless the notice prescribed is filed in the "lis pendens record," and the filing of a return of a sheriff on a levy made by virtue of a writ of attachment was no compliance with the law of lis pendens, and could not give notice under the statute.

2. Records ⬀7—Filing has not force of recording.

Without a special provision in a law making filing of a paper equivalent to its record, no filing of such instrument would have the force and effect of a record for the general law is that any grant, deed, or instrument of writing, authorized or required to be recorded, which shall have been duly proven up or acknowledged for record and duly recorded in the proper county, shall be taken and held as, notice to all persons of the existence of such grant, deed, or instrument.

3. Attachment ⬀323—Judgment ⬀768(1)—Mere filing of return of attachment not recording thereof.

The filing and record of a copy of a writ of attachment and return thereon is similar to the filing and record of abstracts of judgments, and in both instances the law prescribes what shall be done when the instrument is presented, and in order for either to become a lien it must be actually recorded by the clerk, as provided in Rev. St. 1911, arts. 5616, 6858.

Error from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by the City National Bank of Corpus Christi against Mrs. Nellie M. Craig and others. N. H. Hand intervened, claiming prior lien on land attached by plaintiff. From judgment for plaintiff subject as to its attachment to lien of intervener, the plaintiff brings error. Affirmed.

E. B. Ward, of Corpus Christi, for plaintiff in error.

Kleberg, Stayton & North, of Corpus Christi, for defendants in error.

FLY, C. J. This is a suit by plaintiff in error against defendant in error and Nellie M. Craig, Jr., Henry H. Craig and Kathryn Craig, who, for convenience, will be identified as plaintiff and defendant, to recover on a note for $5,500, dated May 12, 1915, and another for $593.35, dated September 11, 1916, and for foreclosure of an attachment lien on certain lots of land in Nueces county, which were levied upon, on August 11, 1917; a copy of such levy having been filed immediately with the county clerk of Nueces county by the sheriff. N. H. Hand intervened, claiming a superior lien on the land through a deed of trust executed on October 31, 1917, by Nellie M. Craig, given to secure her promissory note for $2,350. It was alleged that intervener had no notice of the attachment lien at the time the deed of trust was executed and recorded. No jury was demanded, and the court rendered judgment in favor of plaintiff as against defendant for $9,146.72, and for foreclosure of a deed of trust lien, against Mrs. Nellie M. Craig, Nellie M. Craig, Jr., Henry H. Craig, and Kathryn C. Craig, on certain lots, but secondary as to a lien held by Niles H. Hand on certain described lots, all in Bay View addition to the city of Corpus Christi. Judgment was rendered in favor of Hand against Mrs. Nellie M. Craig for $3,270 and a foreclosure of a prior lien to that of plaintiff on lots 6, 7, 8, 9, 10, 16, 17, 18, 19, and 20 in block 15, said Bay View addition. Plaintiff sued out a writ of error, making the bond payable to Niles H. Hand alone.

There are but two questions in this case presented by the record, and they are as to whether the filing of the return of the attachment levy on the lots on which Hand claimed a mortgage lien was sufficient to put him on notice as to the attachment lien, or in case it did not, was Hand charged with notice by pendency of the suit. Before the rights of Hand arose, the suit of plaintiff against the Craigs had been filed, and the sheriff had levied on the property in controversy, and filed his return with the county clerk of Nueces county. The matter filed by the sheriff was not recorded by the clerk until after Hand's rights had attached. No statutory lis pendens notice was ever filed by plaintiff.

[1] Prior to 1905, the filing of a suit was notice to every one of lis pendens, and in order to relieve purchasers and other interested parties of the burdens imposed by the doctrine of pendente lite, as held by the courts of Texas, the following law was passed on April 15, 1905 (Laws 1905, c. 128) by the Twenty-Ninth Legislature:

"During the pendency of any suit or action, legal or equitable, involving the title to real estate, or seeking to establish any legal or equitable estate, interest or right, present or future, vested or contingent, therein or to enforce any lien, charge or incumbrance against the same, any party plaintiff, as also any party defendant seeking affirmative relief therein, may file with the county clerk of each county where such real estate or any part thereof is situated a notice of the pendency of such suit, to be signed by the party filing the same or

his agent or attorney, setting forth the number and style of the cause, the court in which pending, the names of the party thereto, the kind of suit and a description of the land affected."

The second section of the act requires the county clerk to record the notice in a well-bound book, styled "Lis Pendens Record," and to index the same both direct and reverse, under the names of each and all parties to the suit.

In the third section of the act it is provided:

"The pendency of such suit or action shall not prevent effective transfers or incumbrances to a third party for a valuable consideration and without other notice, actual or constructive, by a party to the suit of any such real estate as against a subsequent decree for the adverse party, unless such notice shall have been properly filed under the name of the party attempting to transfer or incumber in the county or counties in which said land is situated."

The sections of the act mentioned are placed in the Revised Statutes as articles 6837, 6838, and 6839. That law had the effect of effectually superseding common-law rules prevailing at the time of its enactment as to notice pendente lite. As said by the Court of Civil Appeals of the Second District, in the case of Burke-Simmons Co. v. Konz, 178 S. W. 587:

"The Legislature having assumed to legislate upon the question of lis pendens, and to prescribe steps to be taken and rules to be observed, in order that a litigant, in a suit involving title to land, may invoke its protecting aegis, so far as the statutory regulation extends, in our opinion it supersedes and limits the common-law rules theretofore prevailing with reference thereto."

The statute would be futile and present no excuse for its existence if it did not set aside former rules as to the matter. The Supreme Court denied a writ of error in the case cited, and, as there was only the one point in the case, must necessarily have approved the decision.

In the case of Pope v. Beauchamp, 110 Tex. 271, 219 S. W. 447, the Supreme Court views the act of 1905 as viewed by this and the Fort Worth Court of Civil Appeals. In that case the Supreme Court, in holding that the act did not embrace within its scope anything to affect the bona fide purchaser of negotiable paper, said:

"The act can be given no other effect than as preventing the operation of lis pendens in any suit or action of the character mentioned where a transfer or incumbrance is executed by a party to the suit to a third party for a valuable consideration, without notice, unless the notice prescribed in article 6837 has been filed. By its terms the act in no wise purports to extend the effect of notice of any pending suit or action, but does impose a limitation on the prevailing common-law doctrine. However, there can be no doubt of the legislative purpose to restrict and not to extend the binding force of judgments on those acquiring rights pendente lite in good faith and for value and without actual notice, in the light of the history of statutes of the class to which our statute belongs."

The evidence fails to show that the intervener had any notice, actual or constructive, of the pendency of the suit, and it follows that the rule of lis pendens would not apply under the facts of this case.

It is not denied that the sheriff filed his return on the levy made by virtue of the writ of attachment, but that would not be a compliance with the law of lis pendens, and could not give notice under the statute, but if it gave notice at all it must be through compliance with the law as embodied in article 6858, in regard to the record of the return of the sheriff therein provided for.

Article 6858 was enacted in 1889, when the common-law rule as to pendente lite was in force and effect, and seems to have been passed with that rule in view, for it seems to have no effect whatever so far as land attached within the county where the suit is pending is concerned. The law says:

"If the real estate levied upon is situated in any county other than the one in which the suit is pending, then, in case of failure to make the record aforesaid, the attachment shall not be valid against subsequent purchasers for value and without notice and subsequent lienholders in good faith."

That was said in a law passed 16 years before the lis pendens statute was enacted, and at a time when the mere pendency of a suit in the county where the land was situated affected every one with notice. Consequently, whether the return in attachment was filed in the county where the suit was pending and the land situated or not, the common-law rule of pendente lite prevailed. This question is adverted to in the case of Woldert v. Nedderhut, 18 Tex. Civ. App. 602, 46 S. W. 378, but was not decided, although the intimation is that the filing and registration is unnecessary in the county of the suit and the land. It is held in the case of Davis v. Farwell, 49 S. W. 657, that the provisions of article 6858 did not have any effect in the county where the suit was pending and the land situated. Both of those cases were decided before the passage of the law of 1905 as to lis pendens.

In the case of Neville v. Miller, 171 S. W. 1109, it was held by the Court of Civil Appeals of the Seventh District that the failure to record the levy of attachment in a county different from that in which the suit was pending did not destroy the lien, but that it rendered it invalid as to subsequent purchasers and subsequent lienholders in

good faith, which is merely a reiteration of the statute.

The decisions cited confirm us in the view that the law as embodied in article 6858 did not affect the status of the purchaser of land situated in the county where the suit was pending, whether it was attached or not, for he was affected with notice by the rule of pendente lite, and the recording of the levy of the writ of attachment had no effect whatever. That rule of pendente lite was set aside and abolished by the law of 1905, and the rule of lis pendens would not arise unless the statute was complied with, or notice otherwise of the pendency of the suit was brought home to the subsequent purchaser or lienholder. In other words, the filing and registration of the levy of attachment being totally unnecessary to fix the lien, and in reality having no application to land in the county where the suit was pending, could have no more effect after the law of 1905 was passed than it had before, and the suit where an attachment is levied would be in the same category of any other suit, and would come directly within the purview of the law as to lis pendens. According to the decisions, the law as to registration of returns on levies of attachment writs meant nothing before the lis pendens law was passed, as to lands in the county of venue, and no reason can be assigned now for making it interfere with or take the place of the lis pendens statute.

[2, 3] Even if the provisions of article 6858 should apply, we do not think that plaintiff has brought itself within the scope and efficacy of that statute, because the return of the levy of the attachment was not recorded as required by that law. There is no provision in the law as embodied in article 6858, as to the filing of the copy of the writ and return being notice, but, on the other hand, it is distinctly stated that failure to record the writ and return would render the attachment lien invalid as to subsequent purchasers for value, without notice, and subsequent bona fide lienholders, in counties outside the county of the venue, the only places in which any efficacy is given to the filing and record of the writ and return. The filing of a deed of conveyance, mortgage, deed of trust, and other instruments named in article 6828 is made effective by the very terms of the statute, and for that reason alone such filing is notice. The same is true of notice of lis pendens. Article 6839. Those laws have no applicability to the filing of copies of writs of attachments and returns of levies. That law would come within the provisions of article 6842, which makes the record of any instrument required to be recorded notice to all persons of the existence of such grant, deed, or instrument. Without a special provision in a law making the filing of a paper equivalent to its record, no filing of such instrument would have the force and effect of a record, for the general law is that any grant, deed, or instrument of writing, authorized or required to be recorded, which shall have been duly proven up or acknowledged for record and duly recorded in the proper county, shall be taken and held as notice to all persons of the existence of such grant, deed or instrument.

The filing and record of a copy of a writ of attachment and return thereon is similar to the filing and record of abstracts of judgments, and in both instances the law prescribes what shall be done when the instrument is presented. In both instances the clerk is commanded to file and record the instrument. In the case of abstracts of judgments it has been held that, in order for the abstract to become a lien, it must be actually recorded as provided in chapter 1, tit. 86, Revised Statutes. Belbaze v. Ratto, 69 Tex. 636, 7 S. W. 501; Vidor v. Rawlins, 93 Tex. 259, 54 S. W. 1026. In the first case cited, the court draws the distinction between the class of instruments which the law declares the filing of them to have the force of a record and those special instruments provided for by certain special laws. In the latter case an actual entry on the record is necessary to give them vitality. To the same effect is the decision in Vidor v. Rawlins. The law as found in article 6858 gives a lien only in case of a record, just as the lien is fixed by record and index in article 5616, in the case of abstracts of judgments. The mere levy of the attachment, under the law as it now exists as to lis pendens, was not notice of pendency of a suit. The law mentioned repealed all laws in conflict with it.

The judgment is affirmed.