## ASKEY v. POWER et al.
### No. 1223—5588.

Commission of Appeals of Texas, Section B.
March 4, 1931.

John L. Poulter, of Fort Worth, for plaintiff in error.

C. T. Gettys and Burch & Woodruff, all of Decatur, for defendants in error.

RYAN, J.

On December 1, 1923, plaintiff in error recovered judgment in the district court of Wise county, against D. L. Power, for the principal sum of $3,540.40 (and costs of suit), with 10 per cent. per annum interest on $2,278.80 thereof, and 8 per cent. per annum interest on $538.30 thereof, and 6 per cent. per annum interest on $401.48 and on $321.64 thereof. The judgment foreclosed a chattel mortgage lien on certain personal property in Wise county, given by Power to secure said indebtedness.

Order of sale issued on said judgment, by virtue of which the sheriff of Wise county, on June 2, 1924, levied on and took possession of said personal property and on the same day advertised the same for sale on June 14, 1924. At the sale, plaintiff in error, being the highest bidder, bought said personal property for the sum of $375. The sheriff's return shows that "said Askey having paid the sum so bid by him, the said property was delivered into his possession." The sheriff's return further shows that after satisfying his own and the original court costs, the balance remaining, $245.25, was paid to Askey, and the writ returned on June 20, 1924.

Plaintiff in error's pleadings aver, and the proof shows, that D. L. Power died intestate, on or about June 8, 1924.

On December 4, 1923, an abstract of said judgment prepared by the district clerk of Wise county was filed, recorded, and indexed

by the county clerk in the judgment lien records of Wise county.

No serious complaint is urged against the form of the abstract of judgment as prepared by the district clerk, but as it was actually recorded by the county clerk, "the amount of credits" (stated in the original abstract to be "none") shows several items, which, when added, aggregate $3,540.22, or within 18 cents of the amount of the judgment; neither is the rate of interest shown in the appropriate column. A copy of the original abstract and a copy of the record thereof as made by the county clerk in the judgment lien record are shown in the opinion of the Court of Civil Appeals, 21 S.W.(2d) pages 328 and 329.

■ The right to a judgment lien is purely statutory, and the statute must be substantially complied with before the lien will attach. Anthony v. Taylor, 68 Tex. 403, 4 S. W. 531; Belbaze v. Ratto, 69 Tex. 636, 7 S. W. 501; Evans v. Frisbie, 84 Tex. 341, 19 S. W. 510. One of the statutory requirements is that the abstract must show the amount still due upon the judgment, and another is that the rate of interest specified must also be shown. Rev. St. 1911, art. 5612; Rev. St. 1925, art. 5447.

■ No lien attaches until the abstract has been properly recorded and indexed. Rev. St. 1911, art. 5616; Rev. St. 1925, art. 5449.

The object of recording the abstract is to give notice of the existence of the judgment. Vidor v. Rawlins, 93 Tex. 259, 54 S. W. 1026. In Noble v. Barner, 22 Tex. Civ. App. 357, 55 S. W. 382 (writ of error denied), the original abstract of judgment showed the date of a certain credit to be October 27, 1885, but in the record it is stated as of date October 27, 1889. It was contended that the original abstract correctly showed the date of such credit, and although the clerk made a mistake in recording, yet if the credit be applied as of the correct date, the amount shown by the record as due at the date of the record is correct, but the court held that it is the proper registration of the abstract of judgment that creates the lien, and the record must be looked to in order to ascertain if a lien exists, and the amount thereof.

■ The Court of Civil Appeals correctly held that the evidence was insufficient to establish the judgment lien declared upon by plaintiff in error.

This case was tried upon the third amended original petition filed by W. H. Askey, on October 23, 1928, in lieu of his second amended original petition recited to have been filed on October 2, 1926.

This trial petition embraces two counts. By the first count he complained of the surviving widow and children of D. L. Power, deceased, and of T. J. Power, administrator of said estate. One Addie Mitchum was also named a defendant; but no service of citation having been had on her, she was dismissed. By the second count, plaintiff sought a recovery of damages against Alf Brown, R. M. Collins, E. P. Gibson, and Will New, sureties on the official bond of Jim Bellew, county clerk of Wise county, because of his alleged negligence in incorrectly recording said abstract of judgment. Said Bellew and one other surety, both alleged to have died, and another surety alleged to be actually and notoriously insolvent, were not made parties.

Under the first count, plaintiff sought recovery for the amount of the judgment against D. L. Power and foreclosure of said judgment lien on certain tracts of land therein described. He alleged presentation to, and rejection of, said claim by the administrator on or about November 1, 1925, and institution of this suit to establish said claim and enforce said lien against the lands of said estate. There was also a prayer for the establishment of said claim and its certification to the county court for classification and enforcement.

The prayer under the second count was for judgment against said sureties on the county clerk's official bond in the amount thereof, should said judgment lien not be enforced, because of any defect in the filing, recording, or indexing of said abstract of judgment.

The answer of the widow and administrator, parties defendant under the first count, consisted of a general demurrer, special exceptions, general denial, and cross-action for damages in the sum of $2,450, because of the alleged illegal levy on and sale of the personal property, lien on which was foreclosed in the original judgment, and the further sum of $1,000 as exemplary damages.

This answer further averred that a 200-acre tract (describing it) constituted the homestead of the widow and minor children, and all other lands were used and applied in settlement of personal claims for which they stood as security; that several thousands in amount of unsecured claims have been approved against the estate, but there is no property thereof out of which they or the claim sued on can be paid.

The answer of the sureties, parties defendant under the second count, consisted of a general demurrer, special exceptions (among others) of misjoinder of parties and causes of action, general denial, and special answer that their liability is measured only by the statute governing bonds of county clerks, and this does not cover any negligent or improper conduct as alleged in plaintiff's petition; also that the lands on which a judgment lien is claimed are incumbered to an amount greatly in excess of their value, and there is no equity in the same out of which any part of the claim can be realized, even if plaintiff had secured a valid judgment lien. The answer contains other like averments unnecessary to set forth here.

At the trial, which was before a jury, after plaintiff had introduced in evidence the original judgment, the execution docket containing the sheriff's return, showing sale of the personal property, lien on which was foreclosed, the original abstract of judgment, and its record, it was agreed that D. L. Power, at the time of his death, owned the tracts of land described in plaintiff's third amended original petition. There was then introduced in evidence the original verified claim by plaintiff against the estate of D. L. Power, consisting of a copy of the original judgment, with a credit of $245.25, under date of June 20, 1924, received from the sale of the personal property described therein.

This claim was sworn to on November 19, 1925, and it was agreed that on its date it was presented to the administrator for allowance, and by him "refused, rejected and not allowed."

The above was all the evidence adduced, except a designation by Power and wife, under date of January 12, 1922, of their homestead consisting of a certain defined and described tract of land containing 270½ acres.

Defendants offered no evidence and, when plaintiff closed, moved the court for an instructed verdict in their favor, which was given in the following language: "The evidence in this case being insufficient to warrant a judgment in favor of plaintiff, you are instructed to return a verdict herein in favor of defendants."

The jury accordingly returned the following verdict: "We, the jury, find for the defendants."

Before so instructing the jury, the trial court indicated that, in his opinion, the evidence failed to establish any judgment lien, and that he would give the peremptory instruction, whereupon plaintiff's counsel requested the court to permit him to proceed to trial on the matters involved in his alternative plea, set out in the second count of his petition, against the sureties on the county clerk's official bond. This request was refused.

█ The court did not err in refusing to reopen the case and admit further evidence in behalf of plaintiff, after he had closed his case. Fisher v. Alexander (Tex. Civ. App.) 137 S. W. 715; Mantel v. Mitchell (Tex. Civ. App.) 293 S. W. 835; Mynatt v. Howard (Tex. Civ. App.) 273 S. W. 276; Pontiac Buggy Co. v. Dupree, 23 Tex. Civ. App. 298, 56 S. W. 703; Greer v. Bringhurst, 23 Tex. Civ. App. 582, 56 S. W. 947.

No order was made on the exceptions to pleadings, and the judgment simply denies any recovery to plaintiff and orders that all defendants "go hence without day and recover all costs from plaintiff for which execution may issue." This judgment was affirmed by the Court of Civil Appeals. 21 S.W.(2d) 326.

This brings us to the only remaining question before us, viz.: Did the trial court err in refusing to establish the former judgment as a claim against the estate?

On this point, the Court of Civil Appeals held that there is no evidence in the record showing that this suit was filed within ninety days after rejection of the claim by the administrator, as is required under article 3522, Rev. St. 1925 (article 3449, Rev. St. 1911), and therefore, although properly alleged in the petition that the claim was presented and rejected on or about November 1, 1925, and that the suit was filed on November 19, 1925, and although the defendants by neither demurrer, plea in abatement, plea of limitations, or otherwise, raised the question, the failure to make proof of such filing within ninety days is fatal to any recovery herein.

It is required by statute (article 2281, Rev. St. 1925) that transcript on appeal shall in all cases contain a statement of the accrued costs. The transcript herein contains such statement and shows the filing and docketing of this case, issuance of citations and copies, as well as of copies of petition and certificates thereto and the taxing of costs therefor, all on November 19, 1925.

Rule 13 for the district courts provides that an amended pleading shall point out with its date the instrument sought to be amended, and rule 14 that a substituted instrument shall no longer be regarded as part of the pleading in the record of the cause, unless it be necessary to look to the superseded pleading upon a question of limitation.

Construing these rules in T. & N. O. R. R. Co. v. Speights, 94 Tex. 350, 60 S. W. 659, Judge Williams said: "One purpose of the requirement in rule 13 was to preserve upon the face of the record proper evidence of the history of the cause, without resort to the abandoned pleadings. Of course, the rule did not intend that rights should be lost in the mere process of amending the pleadings, and therefore provision was made in rule 14 to secure litigants against such a result. The trial court takes notice of the true date of filing the suit on trial before it as such date appears from the original petition, and may see from an inspection of it whether or not such date is incorrectly stated in an amendment, and the appellate court, reviewing its action, may do the same thing; but to enable it to disregard a recital such as that in question, designed by the rules to furnish the proper date, the other papers showing its incorrectness should be sent up with the record. * * * in so far as the opinion in the case of Cotton v. Jones, 37 Tex. 34, intimates that it is necessary to introduce in evidence file marks upon a petition to show the date of institution of the suit, it conflicts with the decision in Hutchins v. Flintge, 2 Tex. 475 [47 Am. Dec. 659], and is not regarded as correct."

To the same effect is the rule announced in Stewart v. Robbins, 27 Tex. Civ. App. 188, 65 S. W. 899. By rule 14 pleadings that are substituted by amended pleadings should be looked to as part of the record when necessary in determining a question of limitation and it is not necessary that such pleadings should appear in the statement of facts. Smith v. Farmers' Loan & Trust Co., 21 Tex. Civ. App. 170, 51 S. W. 515.

The trial court takes judicial notice of the date suit was filed. Liberty Life Ins. Co. v. Moore (Tex. Civ. App.) 10 S.W.(2d) 178, 179; Kelly v. Gibbs, 84 Tex. 148, 19 S. W. 380, 563; Eggenberger v. Brandenberger, 74 Tex. 275, 11 S. W. 1099; Edgar v. McDonald (Tex. Civ. App.) 106 S. W. 1135; O'Connell v. Rugely, 48 Tex. Civ. App. 456, 107 S. W. 151; Yarbrough v. Etheredge (Tex. Civ. App.) 163 S. W. 998, 999; 16 Cyc. 917.

A cause must be heard in the appellate court upon the same theory as that upon which it was tried. 3 Tex. Jur., §§ 111, 718; Snyder v. American Car & Foundry Co., 322 Mo. 147, 14 S.W.(2d) 603, 606; Wolfley v. Wooten (Mo. App.) 293 S. W. 73, 76. If the court below had the evidence before it, by the original petition itself, and that evidence is reflected in the record on appeal, we must take it into consideration.

We have concluded that it is shown by the bill of costs in the transcript that the suit was filed within the prescribed ninety days after rejection of the claim by the administrator, and the Court of Civil Appeals erred in holding that the trial court did not err in denying the establishment of the judgment as a claim against the estate.

It appears that with the motion for rehearing in the Court of Civil Appeals plaintiff in error filed in that court a purported copy of his original petition in the district court showing that it was filed on November 19, 1925. The court declined to consider such copy on the authority of Houston & T. C. R. Co. v. Parker, 104 Tex. 162, 135 S. W. 369, although in that case the record was permitted to be corrected, and because of rule 22 for Courts of Civil Appeals, and distinguishes that case from Patrick v. Pierce, 107 Tex. 620, 183 S. W. 441, because in the latter a jurisdictional question was involved, while here the question goes only to the merits. In the Pierce Case Chief Justice Phillips permitted correction of the record and resolved the conflict between rules 1 and 22, in favor of the appeal.

In Missouri, K. & T. R. Co. v. Juricek, 147 S. W. 327 (writ of error refused), the Austin Court of Civil Appeals, on rehearing, permitted to be filed a certified copy of a special charge which had been omitted from the transcript, and by reason thereof, granted a rehearing and affirmed the judgment below.

The same court held in Tompkins v. Pendleton, 160 S. W. 290, 291, that rules of court must not be so arbitrarily construed as to defeat the ends of justice in any case.

However, the holding of the Court of Civil Appeals on this point is unimportant, in view of our conclusion that the transcript itself, through the statement of costs required by statute to be placed therein, furnishes evidence that this suit was filed within the time prescribed by statute.

The case has not been fully developed, and we therefore recommend that the judgments of the Court of Civil Appeals and of the district court be reversed and the cause be remanded for a new trial.

LEDDY, J., did not participate in the decision of this cause.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.