OPINION OF THE COURT
Bertram R. Gelfand, J.
In this contested accounting proceeding, objectants seek, to establish that they are the distributees entitled to the net distributable estate. At the trial of the issues there had been presented a question of apparently first impression, concerning the applicability of the Convention Abolishing the Requirement of Legalization for Foreign Public Documents, adopted by the United States, effective October 15, 1981 and the extent to which it abrogates the provisions of CPLR 4542.
At the hearing, objectants, who contend they are decedent’s nieces and her distributees, submitted for introduction into evidence various birth, death and marriage certificates from the United Kingdom. Counsel contended that such documents were properly authenticated in accordance with the provisions of the aforesaid convention, although they concededly had not been properly authenticated in *309 accordance with the provisions of CPLR 4542. At the time of the hearing, counsel could not establish the provisions of the convention to enable the court to determine their admissibility. Consequently, in accordance with the stipulation of the parties, the documents were conditionally marked in evidence subject to the court passing upon the issue in its decision disposing of the underlying issues. After having obtained a copy of the convention, the court mailed it to all of the interested parties and granted to each of them an opportunity to interpose objections to the admissibility of the foreign documents. No such objections have been interposed.
The convention is designed to simplify the procedure by which foreign documents can be authenticated. In essence, the convention creates a standard certificate, the “apostille”, which requires only one signature to function as the effective certification of the foreign document sought to be authenticated. This is in marked contrast to the chain method of certification that is presently embodied in the provisions of CPLR 4542, which is based on the premise that it is necessary to insure that the individual who originally certified the document had the authority to do so (see Lambert, Surrogate Explains New Procedure for Authenticating Foreign Papers, NYLJ, Dec. 22,1981, p 3, col 1).
The terms of the treaty provide that it is applicable to public documents emanating from a signatory nation. The United Kingdom is such a signatory.
It is concluded that each of the documents here at issue has been properly certified in accordance with the terms of the convention. They have not been certified in accordance with the provisions of CPLR 4542. The issue presented is whether the terms of the treaty or the provisions of the New York statute govern.
Although the issue arises in a State court which is adjudicating a matter involving the administration of an estate, a subject over which the State has jurisdiction, nevertheless, it must be concluded that the terms and conditions of the international convention override CPLR 4542. A State, even in the exercise of a legitimate State *310 function, cannot proceed in the exercise of that function, by statute or otherwise, to travel a course which is in conflict with the Federal Government’s exercise of its exclusive jurisdiction over foreign policy (see Zschernig v Miller, 389 US 429, reh den 390 US 974; Gorun v Fall, 393 US 398).
Clearly, the Federal Government’s jurisdiction over foreign policy encompasses the entry into treaties with foreign governments involving relations between our Government and these governments ¿fleeting the rights of the citizens of each country in the other country. For this court to implement CPLR 4542 over the convention would impose upon foreign nationals a burden which our national Government has promised the government of these foreign parties in interest, by treaty, will not be imposed upon its citizens. To countenance the imposition of such a burden would be an interference by the State in foreign policy. Accordingly, to the extent that CPLR 4542 is inconsistent with the provisions of the convention, it is concluded that the section is inapplicable and its provisions must yield to the convention. The previously disputed documents are properly in evidence and must be fully considered together with the other testimony in determining the underlying issues.
On the underlying issues, it is concluded that the oral and documentary proof adduced at the hearing established that decedent had never married, never had any issue and had been predeceased by her parents, grandparents and each of her three siblings. Only one of her predeceased siblings, John McDermott, had any issue. His issue, all of whom are alive, are Mary Kathleen McDermott Monaghan and Shiela Mary McDermott Strachan. Accordingly, it is concluded that the aforesaid Mary Kathleen McDermott Monaghan and Shiela Mary McDermott Strachan are decedent’s only distributees. They are each related to decedent in the same degree and are entitled to equal shares of the net distributable estate (EPTL 4-1.1).
There having been no other objections to the account, it shall otherwise be judicially settled as submitted.