

# THE ATTORNEY GENERAL
# OF TEXAS

November 23, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. JM-825

Re: Authority of a clerk to accept for filing an assumed name certificate written in a foreign language (RQ-1069)

Dear Mr. Driscoll:

You ask whether a county clerk may file a document whose acknowledgment is written in a foreign language and which is authenticated with an "apostille." Specifically, you ask about an assumed business or professional name certificate to be filed in accordance with section 36.10 of the Business and Commerce Code. Subsection (b) of section 36.10 requires that such certificates be acknowledged:

> A certificate filed under Subsection (a) of this section shall be executed and acknowledged by each individual whose name is required to be stated therein or by his representative or attorney in fact, and in the case of any person not an individual the name of which is required to be stated therein, the certificate shall be executed and acknowledged under oath on behalf of such person by its representative or attorney in fact or by a joint venturer, general partner, trustee manager, officer, or anyone having comparable authority, as the case may be, of such person. Any certificate executed and acknowledged by an attorney in fact shall include a statement that such attorney in fact has been duly authorized in writing by his principal to execute and acknowledge the same.

Tex. Bus. & Comm. Code §36.10(b).

Chapter 121 of the Civil Practices and Remedies Code governs acknowledgments. Section 121.001 of the code lists the persons who are qualified to take acknowledgments in Texas as well as the persons who are qualified to take acknowledgments in other parts of the United States and outside the United States. See also Tex. Civ. Prac. & Rem. Code §121.004 (method of taking acknowledgment); §121.005 (proof of identity of acknowledging person).

Section 121.007 provides a form for acknowledgments and states that the form of an ordinary certificate of acknowledgment must be substantially in the form of the example provided. Section 121.008 sets out five short forms of acknowledgment that may be used. All the examples set out in sections 121.007 and 121.008 are in English. Although section 121.006 provides that the forms set out in chapter 121 "may be altered as circumstances require," we think that provision contemplates changes in the text of the form rather than changes in the language of the form. See Belbaze v. Ratto, 7 S.W. 501 (Tex. 1888). Furthermore, an assumed name certificate must be filed with a county clerk, who is entitled to examine the certificate to make certain that the instrument is not defective on its face. Attorney General Opinion MW-263 (1980). The clerk may refuse to accept an assumed name certificate if it does not bear an acknowledgment. See id. A clerk could not make such a determination if an acknowledgment could be written in any one of the world's languages. See generally Educ. Code §21.109 (English is basic language of instruction in all schools); Code Crim. Proc. art. 19.01 (jurors must be able to read and write English); Elec. Code §61.031 (officer may not use language other than English unless voter cannot speak English, in which case voter and officer may speak in common language); Agric. Code §61.004 (seeds sold in Texas must be labeled in English). Therefore, to comply with the requirements of section 36.10(b) of the Business and Commerce Code, an acknowledgment must be written in English.

You also ask whether an acknowledgment may be in a language other than English if the document is authenticated with an "apostille." See Hague Convention on Abolishing the Requirement of Legalization for Foreign Public Documents, opened for signature October 5, 1961, entered into force for the United States, October 15, 1981, 527 U.S.T. 189, T.I.A.S. No. 10072. That treaty provides in part:

The States signatory to the present Convention,

Desiring to abolish the requirement of diplomatic or consular legalization for foreign public documents,

Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

Article 1

The present Convention shall apply to public documents which have been executed in the territory of one contracting State and which have to be produced in the territory of another contracting State.

For the purposes of the present Convention, the following are deemed to be public documents:

(a) documents emanating from an authority or an official connected with the courts or tribunals of the State, including those emanating from a public prosecutor, a clerk of a court or a process server ("huissier de justice");

(b) administrative documents;

(c) notarial acts;

(d) official certificates which are placed on documents signed by persons in their private capacity, such as official certificates recording the registration of a document or the fact that it was in existence on a certain date and official and notarial authentications of signatures.

However, the present Convention shall not apply:

(a) to documents executed by diplomatic or consular agents;

(b) to administrative documents dealing directly with commercial or customs operations.

## Article 2

Each contracting State shall exempt from legalisation documents to which the present Convention applies and which have to be produced in its territory.  For the purposes of the present Convention, <u>legalisation means only the formality by which the diplomatic or consular agents of the country in which the document has to be produced certify the authenticity of the signature, the capacity in which the person signing the document has acted and, where appropriate, the identity of the  seal or stamp which  it bears</u>.

## Article 3

The only formality  that may be  required in order to certify the authenticity of  the signature, the capacity in which the  person signing the  document has  acted and,  where appropriate, the  identity  of the  seal  or stamp which it bears, is the addition of the certificate described in  Article 4,  issued by the competent authority of the State from which the document emanates.

However, the formality  mentioned in  the preceding paragraph cannot be required  when either the laws, regulations, or practice in force in  the State  where the  document  is produced or an agreement between two or more contracting  States  have  abolished  or simplified it, or exempt the document itself from legalization.

## Article 4

The certificate referred to in the  first paragraph of Article  3 shall  be placed  on the document itself or  on an 'allonge';  it shall be in the form of the model annexed to the present Convention.

It may, however, be drawn up in the official language of the authority which issues it. The standard terms appearing therein may be in a second language also. The title 'Apostille (Convention de La Haye du 5 octobre 1961)' shall be in the French language.

Article 5

The certificate shall be issued at the request of the person who has signed the document or of any bearer.

When properly filled in, it will certify the authenticity of the signature, the capacity in which the person signing the document has acted and, where appropriate, the identity of the seal or stamp which the document bears.

The signature, seal and stamp on the certificate are exempt from all certification. (Emphasis added.)

Id. arts. 1-5.

That treaty applies to "legalisation" of public documents. The treaty defines "legalisation" to mean "only the formality by which the diplomatic or consular agents of the country in which the document has to be produced certify the authenticity of the signature, the capacity in which the person signing the document has acted and, where appropriate, the identity of the seal or stamp which it bears." An example of such a requirement in federal law is Rule 44(a)(2) of the Federal Rules of Civil Procedure, which deals with authentication of foreign documents:

A foreign official record, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof; or a copy thereof, attested by a person authorized to make the attestation, and accompanied by a final certification as to the genuineness of the signature and official position (i) of the attesting person, or (ii) of any foreign official whose certificate of genuineness of

signature and official position relates to the attestation or is in a chain of certificates of genuineness of signature and official position relating to the attestation. <u>A final certification may be made by a secretary of embassy or legation, consul general, consul, vice consul, or consular agent of the United States, or a diplomatic or consular official of the foreign country assigned or accredited to the United States.</u> If reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of the documents, the court may, for good cause shown, (i) admit an attested copy without final certification or (ii) permit the foreign official record to be evidenced by an attested summary with or without a final certification. (Emphasis added.)

Neither chapter 121 of the Civil Practice and Remedies Code nor section 36.10(b) of the Business and Commerce Code makes an acknowledgment a formality that <u>must</u> be performed by a consular agent of the United States in order for a document to be produced in Texas. Rather, it is a formality that is necessary on certain documents and <u>may</u> be performed outside the United States by a consular officer as well as by a number of other authorized persons. Civ. Prac. and Rem. Code §121.001(c). Consequently, we conclude that the Hague Convention on Abolishing the Requirement of Legalization for Foreign Public Documents is inapplicable to an acknowledgment required by section 36.10 of the Texas Business & Commerce Code. <u>See Estate of McDermott</u>, 447 N.Y.S.2d 107 (N.Y. Sur. Ct. 1982) (Hague Convention supersedes New York law governing authentication of birth, death, and marriage certificates from United Kingdom for production in probate matter). <u>See also</u> Acts 1987, 70th Leg., ch. 891, §2, at 5999 (adopting apostille by reference to Hague Convention for use in recording certain documents dealing with real or personal property).

## S U M M A R Y

An acknowledgment on an assumed name certificate filed pursuant to section 36.10 of the Business & Commerce Code must be written in English.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General