## LEOPOLD FELLMAN v. HIRAM S. SMITH.

Where a person delivers personal property to another, his declarations made at the time are admissible to prove the character of the delivery, in a controversy between other parties respecting the title.

Error from Travis.    Tried below before the Hon. Thomas H. DuVal.

The facts are stated in the Opinion.    The invoice referred to purported to be an invoice of property sold by H. S. Smith to S. W. Johnson on the 27th of August, 1855, at Gonzales.    It included merchandise and four horses, harness, wagon, &c., amounting in all to $1390 30.

*T. E. Sneed,* for plaintiff in error.

*Chandler & Turner,* for defendant in error.

ROBERTS, J.    This is an action brought by H. S. Smith against Walker & Fellman, to recover damages for the taking of a wagon and harness by Walker, as a constable, by virtue of an execution in favor of Fellman against S. W. Johnson.

The question on the trial was, whether the property belonged to Johnson or H. S. Smith.    The property having been seized, while in the possession of Johnson, the burthen of proof rested on Smith.

Smith proved by a witness, that he bought the property from his brother, R. R. Smith, and that some time in the year 1855,

but at what time of the year does not appear with any certainty, H. S. Smith let Johnson have the property under a bargain of sale, which was not to be consummated until Johnson paid for it. It may be presumed, from what was stated, that this took place about 27th of August, 1855. This was at Gonzales. On the other side, it was shown by witness S. W. Keithly, among other things, that R. R. Smith brought the wagon and harness and horses also to Austin, and there had them in possession at Walshe's stable; that after some conversation between R. R. Smith and Johnson about a trade in relation to them, the property, to wit: the wagon, horses, &c., were carried to Johnson's stable, and that afterwards Johnson sold some of the horses, as his own, that were brought to his stable with the wagon. This witness did not hear the trade. The defendants below, Fellman and Walker, then "offered to prove by the witness Samuel W. Keithly, that at the time he saw R. R. Smith deliver the pedlar's wagon in controversy to S. W. Johnson, to wit: in August or September, 1855, witness Keithly heard the said R. R. Smith say that he had sold said pedlar's wagon to S. W. Johnson and also the harness for four horses, and that S. W. Johnson told witness Keithly in the presence of R. R. Smith, that he, Johnson, had bought said wagon and harness of said Smith, which was not denied by said Smith, all of which occurred about one month previous to the date of invoice introduced in evidence, (27th August, 1855.) To which testimony the plaintiff (H. S. Smith) objected on the ground that these were the declarations of persons not parties to the suit and not binding upon the plaintiff; which objection the Court sustained, to which opinion of the Court the defendants (Walker and Fellman) excepted."

This ruling of the Court is assigned as error. We cannot hold that this evidence was properly excluded. R. R. Smith is shown to have been in possession of the property, which is *prima facie* evidence of his ownership. In the act of transferring the property into Johnson's possession, he makes the declaration that he has sold the property to Johnson. This declaration should have been admitted to explain the act of transfer. (1 Phillips on Evidence, 194.) It tended to show that Johnson received the property into his possession as the absolute owner thereof, and not as bailee, or under conditional sale, or other like qualification. It may be plausibly contended, that the subsequent transaction, (if indeed it were subsequent) which took place at Gonzales in relation to the property, supersedes any effect that

may or could be given to this evidence. This position would be greatly strengthened, if all the facts were developed. But it is evident that such is not the case. The evidence being of a contradictory nature, it cannot be affirmed with certainty, that this evidence would not have had an important influence with the jury.

The judgment is reversed and cause remanded for further proceedings.

Reversed and remanded.