Thos. Goggan & Bros. v. J. E. Synnott et al.

Decided January 7, 1911.

**1.—Practice on Appeal— Successive Motions to Same Effect.**

An appellee will not be allowed to make as many separate and independent attacks on appellant's appeal as he has grounds therefor. A motion to strike out a statement of facts having been once passed on and refused by an appellate court, another motion to the same effect will not again be considered, although the point urged in the second motion was not presented in the first.

**2.—Same—Defective Bill of Exception.**

An assignment of error complaining of the admission of testimony can not be considered when the bill of exception does not show the objection made and overruled.

**3.—Chattel Mortgage—Removal of Property—Statute Construed.**

The provision of art. 4651, Sayles' Civ. Stats., requiring a mortgagee to record his chattel mortgage in the county to which the chattel may have been removed, applies only when the property has been removed with the knowledge or consent of the mortgagee.

**4.—Evidence—Interested Witness—Credibility.**

The testimony of an interested party is not necessarily binding on a jury even though such testimony is not expressly contradicted by other witnesses.

**5.—Same—Sale by Husband to Wife.**

Although a husband testified without direct contradiction that in a sale of a piano by him to his wife, she purchased the property for a valuable consideration without notice of a chattel mortgage thereon, the court would not be warranted in giving a peremptory instruction in accordance with such testimony. The relation of the parties was such that a jury may have disbelieved the husband altogether.

Appeal from the County Court of Dallam County. Tried below before Hon. C. S. Harrington.

*J. S. Bailey* and *Meador, Davis & Dedmon,* for appellant.—A mortgage on file in the county where the property mortgaged is situated at the time the mortgage is given, is good as against subsequent purchasers or lienholders unless the mortgagor removes such property from said original county with the knowledge and consent of the mortgagee, and the mortgagee fails to follow said property and file said mortgage within four months after such removal. Rev. Stats., arts. 3333, 3327, 3328 and 4651; Simkins, Equity, pp. 267-268, and cases cited; Vickers v. Carnahan, 23 S. W., 339; Spikes v. Brown, 49 S. W., 726, 79 S. W., 589.

*Tatum & Tatum* and *H. A. Turner,* for appellees.

SPEER, Associate Justice.—On January 8, 1907, Thomas Goggan & Bros. sold and delivered to J. E. Synnott a certain Krell piano for the sum of three hundred and seventy-five dollars, of which twenty-five dollars was paid in cash and the balance was to be paid in monthly installments of ten dollars each, such installments being represented by

the notes of Synnott, payable to the order of Thomas Goggan & Bros. at Galveston, Texas. Thomas Goggan & Bros. retained a chattel mortgage lien upon the piano and immediately caused it to be recorded in the office of the county clerk of Cherokee County, the county in which Synnott resided at the time. Synnott made default in the payment of these notes, and Thomas Goggan & Bros. filed suit in Galveston County and obtained judgment for the amount of the unpaid purchase money, together with a foreclosure of its chattel mortgage lien, and on April 20, 1909, caused to be issued an order of sale directed to the sheriff of Dallam County, to which county Synnott had in the meantime removed with the property, and on May 24, 1909, the sheriff of Dallam County seized the piano as the property of J. E. Synnott. Mrs. Clara Synnott, wife of J. E. Synnott, made a claimant's oath and bond as required by law, claiming title to the piano by virtue of a sale to her by her husband. Upon the trial of the cause the court instructed the jury to find for the claimant, and from a judgment based upon a verdict thus directed Thomas Goggan & Bros. has appealed.

Before considering appellant's assignments of error it is necessary to dispose of appellee's motion to strike out the statement of facts. We overrule this motion because on a former day we had before us appellee's motion to strike out the statement of facts, and appellant's motion to require appellee to produce the original statement of facts, and praying this court in the alternative to consider the statement contained in the transcript. We sustained appellant in these matters, and no hearing was ever asked. True, the precise point in the present motion was not urged in the former, but a party will not be allowed to make as many separate and independent attacks as he has grounds. There would never be an end to litigation if such were the rule.

We overrule the first assignment of error complaining of the admission of certain testimony, because the bill of exceptions does not show the objections overruled by the court.

The next assignment, however, complaining of the peremptory instruction, virtually places before us the entire case. It is not denied that appellant duly retained a chattel mortgage on the piano at the time of the sale to J. E. Synnott, nor that such chattel mortgage was duly recorded in Cherokee County so as to preserve appellant's rights as against all subsequent purchasers. The only question is whether or not appellant has lost its lien by reason of the removal of the piano by Synnott to Dallam County and appellant's failure to record its chattel mortgage in that county, it being undisputed that the chattel mortgage was never recorded in Dallam County, and appellee's testimony showing that the piano had been removed to that county more than four months before the sale to Mrs. Synnott.

Article 4651, Sayles' Texas Civil Statutes, so far as pertinent to the questions before us, is as follows: "Every deed, mortgage or other writing respecting the title of personal property hereafter executed, which by law ought to be recorded, shall be recorded in the clerk's office of the County Court of that county in which the property shall

remain; and if afterwards the person claiming title under such deed, mortgage or other writing shall permit any other person in whose possession such other property may be to remove with the same or any part thereof out of the county in which the same shall be recorded, and shall not, within four months after such removal, cause the same to be recorded in the county to which such property shall be removed, such deed, mortgage, or other writing, for so long as it shall not be recorded in such last-mentioned county, and for so much of the property aforesaid as shall have been removed, shall be void as to all creditors and purchasers thereof for valuable consideration without notice."

There is evidence tending to show that appellant had notice of Synnott's intention to remove with the property to Dallam County, and that it did not object, but this is disputed by appellant's testimony. The vice-president and general manager of appellant testified that when it learned of the removal of the piano, which he said was after the piano was removed, the company objected. So that it remains to be determined whether or not the statute quoted making void chattel mortgage liens in favor of bona fide purchasers applies to a state of facts like this.

In Spikes v. Brown, 49 S. W., 725, it was held that this article does not apply where mortgaged chattels are removed from the county without the mortgagee's consent and he seeks to recover them as soon as he learns of their removal. The same thing was held by this court in Vickers v. Carnahan, 4 Texas Civ. App., 305 (23 S. W., 338). The contention is made by appellee, however, and we suppose it was upon this contention the court instructed a verdict as he did, that in order to keep alive its lien the duty was devolved upon appellant to file its chattel mortgage in Dallam County within four months after it had knowledge that the property had been removed to that county. But we can not agree that this duty rests upon a mortgagee. It will be observed from an examination of the statute quoted that the statute, where it is applicable at all, requires the recording of the chattel mortgage in the county to which the property has been removed *"within four months after such removal."* Under appellee's contention it would be within the power of a mortgagor by removing the mortgaged property without the mortgagee's consent or knowledge and by keeping him in ignorance of such removal for four months or longer to effectually deprive him of the benefits of his mortgage altogether, for, under the terms of the statute, as before stated, to be effective at all the registration must be within four months from the removal of the property. This proves to a practical certainty that the Legislature, in requiring the mortgagee to register his chattel mortgage within four months of a removal of such property which he has permitted, meant the requirement to apply only to those instances where the mortgagee consented to the removal, or at least had knowledge of it beforehand. It is unnecessary for us to determine in the present case whether the statute would apply where the mortgagee had notice of the intended removal but did not consent thereto, since the evidence, as already stated, was

sufficient to raise the issue that appellant consented to the removal by not objecting when notified by J. E. Synnott that he intended to move to Dallam County with the property.

There is another reason why we would not be willing to affirm the trial court's peremptory instruction in favor of appellee. The evidence can not be said to be undisputed that Mrs. Clara Synnott was a purchaser of the property for a valuable consideration without notice. Appellees were husband and wife, living together, and though the husband testified that the wife paid value for the piano and had no notice, yet the testimony of an interested party is not necessarily binding on the jury, even though such testimony is not expressly contradicted by other witnesses. Besides, the circumstance of the relation of the parties is such as the jury may have disbelieved this testimony altogether, and the court should not have taken the issue from the jury.

For the error in giving the peremptory instruction to find for the plaintiff, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*