### SMITH v. BRIGGS.

#### No. 10543.

Court of Civil Appeals of Texas. San Antonio.

Aug. 2, 1939.

J. B. Lewright, of San Antonio, for plaintiff in error.

Eskridge & Groce, of San Antonio, and Strickland, Ewers & Wilkins, of Mission, for defendant in error.

MURRAY, Justice.

This suit was instituted by R. W. Briggs in the 37th District Court of Bexar County against F. A. Smith and others, on a promissory note dated November 11, 1931, in the principal sum of $24,850.42, payable to the order of W. M. Thornton.

The trial was to a jury and upon the findings of the jury judgment was entered in favor of Briggs in the principal sum of $21,790 being the amount found to be due on said note.

Writ of error has been sued out by F. A. Smith, and this cause is now before us for review.

Smith Brothers was a copartnership, composed of J. H. Smith and F. A. Smith. These partners entered into a written agreement to the effect that should the partnership be dissolved by the death of either partner, the affairs of the partnership should be conducted by five named trustees. On December 20, 1930, J. H. Smith died, testate, and his wife, Alice Smith, qualified as executrix under his will. The five trustees accepted the responsibility imposed up-

on them by the agreement of J. H. Smith and F. A. Smith, and took charge of the assets of the dissolved partnership. These five trustees were comakers of the note herein sued upon, with Alice Smith and F. A. Smith.

Thereafter W. L. Moody Cotton Company filed a suit in the District Court of Houston County against the five trustees and asked that a receiver or receivers be appointed to take over the assets held by the trustees. Thereafter, on May 31, 1932, Sol Bromberg and Hyman Pearlstone were appointed permanent receivers and qualified and took over the assets of the former partnership.

The receivers issued a "Receivers' Certificate" to W. M. Thornton, as evidence of his claim against the partnership. This was Receivers' Certificate No. 16. Later Certificate Series B, Number 27, was issued to Thornton in lieu of Certificate No. 16. Both of these certificates were accepted by Thornton and registered with the clerk of the District Court of Houston County.

An injunction was issued in the receivership suit enjoining any person holding any collateral securing indebtedness owing by the partnerhip, or its successors, from applying same to the payment of any debt without first petitioning the court for authority to sell such security. In keeping with the provisions of this injunction, Thornton applied to and received from the District Court of Houston County an order authorizing him to sell certain securities held by him as collateral securing the payment of the note sued on herein. This collateral was sold to defendant in error herein, R. W. Briggs, for the sum of $7,500, and that amount credited upon the note. This note was afterwards transferred by Thornton to Briggs.

After the receivership had been pending for some time, a number of creditors of the old partnership, including Briggs, formed the Central Investment Company, a corporation, and took over the assets of the partnership left in the hands of the receivers, under an agreement to liquidate them and prorate the proceeds therefrom among the creditors of the partnership. From this source Briggs received the sum of $7,290.

Thereafter, on January 30, 1936, this suit was filed in the District Court of Bexar County. Plaintiff in error, F. A. Smith, answered in his individual capacity, setting up among other defenses, "novation," "waiver," "estoppel" and "election of remedies."

Motions for instructed verdicts were made by each side, which were overruled by the court and the cause submitted to the jury on two special issues, in response to which the jury made the following findings:

"1. That W. M. Thornton, when he accepted the Receivers' Certificate of indebtedness dated the 20th day of October, 1932, did not waive his right to proceed against the defendants, Mrs. Alice Smith, as Executrix under the will of J. H. Smith and F. A. Smith, individually and as a member of the partnership of Smith Brothers on the note dated November 11, 1931.

"2. That W. M. Thornton, when he accepted the certificate of indebtedness, Series B, Number 27, dated the 8th day of May, 1934, did not waive his right to proceed against the defendants, Mrs. Alice Smith as Executrix under the will of J. H. Smith and F. A. Smith, individually and as a member of the partnership of Smith Brothers, on the note dated November 11, 1931."

■ Plaintiff in error, F. A. Smith, did not request that any other issues be submitted, and no others were submitted. Neither has plaintiff in error, Smith, attacked the findings of the jury as being unsupported by the evidence. Art. 2202, § 6, R.C.S.1925, provides: "6. A special verdict found under the provisions of this article shall, as between the parties, be conclusive as to the facts found." Therefore, the finding of the jury that defendant in error had not waived his right to proceed against plaintiff in error individually, as a member of the partnership of Smith Brothers, must be taken as conclusive.

■ Plaintiff in error did not request that any of his other defenses be submitted to the jury, and, under the provisions of Art. 2190, R.C.S.1925, Vernon's Ann.Civ. St. art. 2190, the same will be considered as waived. However, we have examined the evidence and conclude that it does not support any defense set up by plaintiff in error.

The judgment of the trial court is affirmed.