THE INDUSTRIAL STATE BANK V. M. C. OLDHAM.

No. A-2114. Decided June 22, 1949.
(221 S. W., 2d Series, 912.)

*Eastham & Simpson* and *O. Strother Simpson,* all of Houston, for petitioner.

The Court of Civil Appeals erred in holding that Respondent,

Oldham, had a statutory landlord's lien for rents more than six months past due, where no verified statement of his claiming a lien for such rents was ever recorded in the office of the county clerk as required by Article 5238, R. C. S. 1925. Wooten Grocery Co. v. Wade Meat Co. 37 S. W. (2d) 1090; Lynch v. Cock, 195 S. W. (2d) 773; In re Toggery, Inc., 60 Fed. (2d) 311.

*Stewart, Burgess & Morris* and *Sam W. Mintz,* all of Houston, for respondent.

Under the provision of Article 5238, respondent, Oldham, as landlord, had a preference lien during the first year of the lease agreement, upon all of the chattels and personal property of the tenant superior to the lien of a chattel mortgage given subsequent to its creation. Southwestern Drug Corp. v. Johnson, 53 S. W. (2d) 809; Phil H .Pierce Co. v. Rude, 291 S. W. 974; Nuckles v. J. M. Radford Gro. Co., 72 S. W. (2d) 652.

Mr. Chief Justice Hickman, delivered the opinion of the Court.

On July 1, 1945, the respondent, M. C. Oldham, by an instrument in writing leased a storebuilding in the city of Houston to Milton Hodson for a term of five years, commencing on that date, at the agreed rental of $178.00 per month, payable monthly in advance. This lease was never recorded and the petitioner, Industrial State Bank, had no actual knowledge of its terms. The tenant went into possession of the building and placed certain chattels and equipment therein. He paid the rent for the first three months, but when he vacated the premises in September or October, 1946, he owed rent for approximately twelve months.

On January 29, 1946, the tenant executed a chattel mortgage in favor of the petitioner upon chattels which he had placed in the building to secure his note of even date for the sum of $12,720.00. On March 30, thereafter, he executed to petitioner another chattel mortgage on this property to secure a note of that date in the sum of $150.00.

In October, 1946, petitioner took possession of the property covered by its chattel mortgages, foreclosed its lien thereon, and appropriated the proceeds from the sale thereof to its own use and benefit. These chattels were of a reasonable market value in excess of $1,602.00, the amount owing as rent for the first year of the term of the lease.

The instant suit was filed by the landlord, Oldham, against petitioner, the mortgagee, in August, 1947, to recover the sum of $1,602.00 damages for the alleged conversion by petitioner of the mortgaged property. It is not a suit to foreclose a landlord's lien. The trial court rendered judgment that Oldham take nothing. The Court of Civil Appeals reversed that judgment and rendered judgment in his favor for $1,602.00, the full amount owing by the tenant to him as rents to July 1, 1946, the expiration date of the first year of the term of the lease. 216 S. W. (2d) 1016. No claim was asserted by the landlord of a lien on the chattels for the rents accruing after the expiration of the first year of the term.

The decision of the case turns upon the construction of Article 5238, R. C. S. 1925, as amended by the 43rd Legislature, 1933, Chapter 112, page 282. The general import of that Article is to give the landlord a preference lien on the property placed by the tenant in a rented building, with the provision, in substance, that in order to secure the lien for rents that are more than six months past due, it shall be necessary for the person leasing or renting any storehouse or other building which is used for commercial purposes, to file in the office of the county clerk a sworn statement of the amount of rent due, which said statement shall be recorded by the county clerk in a book to be provided for such purpose. The particular provision of the Article upon the construction of which this decision turns reads as follows:

"No lien for rent more than six (6) months past due upon any storehouse or other building rented for commercial purposes shall be valid as against bona fide purchasers or unsecured or lien creditors of said tenant and/or subtenant, unless said statement shall be verified, filed and recorded as above provided."

■ If a contract year once begins, then under the terms of the statute the landlord has a preference lien on the rents to accrue during that year, and any mortgage executed after the beginning of that year is subordinate to his lien. Southwestern Drug Corp. v. Johnson, 53 S. W. (2d) 809, error refused. In order, however, for a landlord to preserve priority for rents that are more than six months past due, as against intervening bona fide purchasers or secured or unsecured creditors of the tenant, he must have filed with the county clerk a sworn statement in terms of the statute, and unless he complies with the statutory requirements, his lien for rents more than six months past due will not be valid as against such intervening purchasers and creditors. Walker-Smith Co. v. Winsted, 99 S. W. (2d) 1051; McKesson-Crowdus Drug Co. v. Newman, 86 S. W. (2d) 881.

■ The only attempt by the landlord in this case to comply with the provision of the statute with respect to rents that were more than six months past due was made in August, 1946. At that time he filed a sworn statement in the chattel mortgage department of the county clerk's office. The manuscript cover bore only the word "Affidavit." It was never recorded by the county clerk in the book maintained by him for the recordation of sworn statements under the above statute, but was retained and indexed in the chattel mortgage department.

It is provided in Article 6596, R. C. S. 1925, that "Every such instrument shall be considered as recorded from the time it was deposited for record; * * *." That provision is under the general registration statutes and is applicable to instruments such as deeds, mortgages, and the like, but is not applicable in a case like this where the statute makes the recordation of the instrument necessary to the creation of a right. Belbaze v. Ratto, 69 Texas 636, 7 S. W. 501; Lippencott v. York, 86 Texas 276, 24 S. W. 275; Vidor v. Rawlins, 93 Texas 259, 54 S. W. 1026; City National Bank of Corpus Christi v. Craig, 233 S. W. 631; affirmed 113 Texas 375, 257 S. W. 210; In re Toggery, Inc., 60 Fed. (2d) 311; affirmed in Kokernot-Nixon Properties v. Wright, 68 Fed. (2d) 317. Based upon these authorities we hold that no effect can be given to the filing of the affidavit by the landlord, and that the case must be decided on the basis that no claim whatever was filed by him.

■ It is obvious that Article 5238 was designed to afford some protection both to the landlord and to specified third parties who deal with the tenant. No time is prescribed within which the affidavit securing the landlord's lien for rents more than six months past due shall be filed. It seems clear that the landlord by filing and recording his affidavit at any time may absolutely secure his lien for such past due rent unless the rights of certain designated parties have intervened prior to its recordation. In order to protect himself against such intervening parties the landlord ,when the rent is delinquent, should file and record the affidavit at the end of each six months' rental period. By so doing he secures his preference over these parties. If he fails to do so, then the rights of bona fide purchasers or secured or unsecured creditors arising subsequent to the beginning of the lease contract year shall be subordinate to the landlord's lien for those rents only which are not six months past due. West Development Co. v. Crown Bottling Co., 90 S. W. (2d) 887, error dismissed; In re Toggery, Inc., 60 Fed. (2d) 311; affirmed in Kokernot-Nixon Properties v. Wright, 68 Fed. (2d) 317; In re Pfaeffle, 5 Fed. Supp. 708. From the last case cited we quote:

"When six months' unpaid rents have accumulated, the landlord may file. That protects for that period. At the expiration of another six months he files again, and is again protected. Such protection extends until extinguished by payment. The practical result is a lien for 'past due' rents 'for more than six months.' "

It appears that the chattel mortgages were not filed "forthwith" as provided in Article 5490, R. C. S. 1925. The landlord' argues that for that reason they were void as against him and that, therefore, the mortgagee is in no position to complain of his failure to have the affidavit properly recorded. Article 5238 specifically protects an unsecured creditor as against a landlord who fails to comply with its requirements as to rents more than six months past due. If it be granted that the chattel mortgages were ineffective insofar as the landlord is concerned, the bank, in relation to the landlord, was at least an unsecured creditor of the tenant, and as such was protected by the statute unless the landlord had secured his lien in the manner prescribed by the statute. Since the landlord failed to do so, the failure of the bank to file its chattel mortgages "forthwith" is of no importance.

■■ As noted above, this is a suit for the conversion of property of the tenant on which the landlord's lien is asserted to have existed, and hence the cause of action accrued at the date of the conversion in October, 1946. Zapp v. Johnson, 87 Texas 641, 30 S. W. 861. The rights, under Article 5238, of the parties herein involved insofar as this case is concerned will be determined as of the date of conversion. At that time all unpaid rent for the first contract year was more than six months past due, except the rent for the months of May and June. Under the statute the landlord then had a preference lien to secure the payment of the rent for those months, and in order to assert that preference over the mortgage lien it was not required of him that he file an affidavit or take any other step, and the bank's action in taking over the chattels amounted to a conversion as against him to the extent of the value of his lien.

The judgment of the Court of Civil Appeals will, therefore, be reformed so as to award the landlord a recovery of $356.00, the amount due as rent for the months of May and June, 1946, with legal interest, and as so reformed, will be affirmed.

Opinion delivered June 22, 1949.

No motion for rehearing filed.