**In re ALLEN.**

No. 1956.

United States District Court
S. D. Texas, Galveston Division.

July 18, 1950.

718

Holman Lilienstern, of Texas City, Tex., for trustee.

Godard & Dazey, of Texas City, Tex., for C. E. Moseley.

W. N. Zinn, of Galveston, Tex., pro se.

KENNERLY, Chief Judge.

This is a hearing of the petition of W. N. Zinn to review two orders entered by the Referee in Bankruptcy in this cause, refusing to enforce Zinn's landlord's lien against the personal property of the bankrupt, Edward Ramsdell Allen, situated in the store building rented or leased by Zinn to the bankrupt, and/or holding such lien to be inferior to the chattel mortgage lien of C. E. Moseley on part of such property.

Edward Ramsdell Allen (for brevity called bankrupt) was adjudged bankrupt May 5, 1949, upon his voluntary petition filed May 3, 1949. Claiming a lien for part of the purchase money, $3352.14, of certain air conditioning units installed on August 15, 1947, in bankrupt's store, C. E. Moseley filed his claim with the Referee for that sum, asserting such lien and praying that such air conditioning units be sold and the proceeds of sale paid to him. Such air conditioning units have been sold by the trustee for $3352.14, and the proceeds of sale are in the hands of the trustee.

W. N. Zinn was the owner of the building in which bankrupt's store was kept, which building he rented or leased to bankrupt for a period of two years from April 15, 1948, to April 15, 1950, at $375 per month. Zinn filed his claim with the Referee for the sum of $6000, of which $2250 was alleged to be for rent for six months prior to bankruptcy, and $3750 for rent for ten months after bankruptcy. All of which he claims to be secured by the lien given landlords under the laws of Texas and also by a contract lien set forth in such lease.[1] He claims that such lien covered all of the personal property of the bankrupt in such store building, *including such air conditioning units*.

The Referee's findings of fact are as follows:

"(1) C. E. Moseley held a conditional sales contract with the bankrupt which contract was dated August 14, 1948, and was filed for record in the County Clerk's office August 26, 1948. The material and equipment was delivered into the bankrupt's place of business August 15, 1948, and the bankrupt did not owe any past due rent at the time.

"(2) On April 15, 1948, the bankrupt entered into a written lease with W. N. Zinn for a two year term beginning April 15, 1948, and ending April 14, 1950. This written lease was not filed for record in the County Clerk's office in Galveston County, for a consideration of $4,500 per year, payable in equal monthly installments, the first installment being due on the 15th day of April, 1948.

"(3) The bankrupt defaulted in his monthly payments on December 15, 1948, and continued in default to the date of bankruptcy, May 3, 1949.

"(4) On April 14, 1949, W. N. Zinn executed an affidavit for the purpose of complying with Article 5238 of the Revised

Statutes of Texas, and which affidavit was filed for record April 14, 1949, in the County Clerk's office in Galveston, Texas, and was recorded on the 15th day of April, 1949, in the Deed Record Book 805, Pages 370 and 371.

"(5) In this connection I find that no evidence was offered at the hearing showing that said affidavit has been differently indexed than as shown on the instrument.

"(6) In an unsigned brief filed with the Referee prior to the entering of his order there is inserted in said brief a statement that it was indexed in rental lien record index, this statement supported by a certificate of the County Clerk. On June 3, 1950, Godard & Dazey, attorneys for C. E. Moseley, filed a request for admission of fact in the nature of controverting the statements made in Mr. Zinn's brief. I find that the hearing on evidence was closed on May 23, 1950, and neither matter mentioned in this finding came in the proper manner or method for consideration by the Referee.

"(7) I find that the reasonable rental value of the premises occupied by the bankrupt as of the date of the filing of his petition to be the sum of $250.00 per month. The period of time one month and six days during the occupancy by the trustee the sum of $300.00 is a part of the administrative cost.

"(8) I find that the rental value of the premises from June 11, 1949, to the expiration of the lease, April 14, 1950, to be the sum of $250.00, and I find the landlord, according to the rental value reserved in the lease, has been damaged in the sum of $1262.52 for anticipatory breach of contract."

The material portion of the Referee's order with respect to Zinn's claim is as follows (italics mine):

"Came on for consideration the claim of W. N. Zinn, being claim No. 8, filed herein on the 14th day of April, 1949, in the sum of

<hr>

1. The applicable clause of such lease is as follows: "Lessor shall have a valid first lien upon all goods, chattels and furniture of Lessee placed in or on the leased premises during the term of this lease agreement to secure all of the rent due, or to become due during this agreement, and any and all exemption laws are hereby waived in favor of said lien; and it is understood that said express lien shall not be construed as a waiver of any statutory lien given Lessor, but shall be in addition thereto."

$6,000. There appearing in opposition thereto Godard & Dazey, attorneys for C. E. Moseley, and Holman Lilienstern, attorney for Joseph T. White, the trustee, and the claimant, W. N. Zinn, being present and asserting his claim as a secured and priority claim.

"The evidence and the pleadings and the argument of council being duly heard by the Referee and said questions taken under consideration pending the filing by the interested parties of written arguments and briefs and same having been duly filed and duly considered by the Referee, the Referee is of the opinion that the landlord's claim should be allowed as follows:

"A. *$1,125.00, secured priority claim, being the amount accruing 3 months prior to bankruptcy.*

"B. *$300.00 being the actual rental value of the premises for a period of one month six days during the time that said premises was in the custody of the bankruptcy court, to be allowed as administrative expense, or total priority and administrative expense in the sum of $1,425.00, to be paid in the due course of administration and in its due order of priority.*

"C. *$625.00, accrued prior to bankruptcy but prior to three months as limited by the bankruptcy act and should be allowed as an unsecured claim, and $1,262.50 damages for breach of rental contract and should be allowed as an unsecured claim.*

"It is therefore Ordered that said claim of W. N. Zinn be and the same is hereby allowed as follows:

"*Secured claim in the sum of $1,125.00.*

"*Administrative cost in the sum of $300.00.*

"*And as an unsecured claim in the sum of $1,887.50.*

"*And said amounts is ordered to be paid in accordance with this order and in due administration.*"

The material portion of the Referee's order with respect to Moseley's claim is as follows (italics mine):

"Came on for consideration the motion of C. E. Moseley, owner of Moseley Refrigeration Company of Texas City, Galveston County, Texas, to allow his claim, No. 21, filed herein on the 13th day of June, 1949, *as a secured claim with prior rights to the proceeds of the sale of the property covered by his chattel mortgage as set out in his claim.*

"And the Referee having heard the evidence and considered the argument and having taken the question under advisement pending the filing of brief and argument by the parties interested, said briefs and arguments having been filed and duly considered by the Referee, *it is the opinion of the Referee that said motion should be granted.*

"Appearing in opposition to the motion of C. E. Moseley was the landlord, W. N. Zinn, claiming a rental priority which claim is hereby denied and it *appearing that said mortgaged property sold by the trustee for $3,352.14, and that said C. E. Moseley is entitled to the proceeds of said sale.*

"It is Ordered that Joseph T. White, trustee herein, be and is hereby directed *to pay to C. E. Moseley, owner of Moseley Refrigeration Company the sum of $3,352.-14.*"

The questions raised and shown by this record are disposed of as follows:

1. The Referee did not err in allowing Zinn $300, *with priority of payment,* for the use by the Court or trustee of such store building for one month and six days after the date of bankruptcy.

2. The Referee did not err in fixing Zinn's damages for "breach of rental contract" subsequent to bankruptcy at $1,-262.50, and allowing same as an unsecured claim. City Bank Farmers Trust Co. v. Irving Trust Co., 299 U.S. 433, 57 S.Ct. 292, 81 L.Ed. 324; Connecticut Railway & Lighting Co. v. Palmer, 311 U.S. 544, 61 S.Ct. 379, 85 L.Ed. 336, rehearing denied 312 U.S. 713, 61 S.Ct. 609, 85 L.Ed. 1143.

3. At the time of the filing of the petition in bankruptcy (May 3, 1949), the bankrupt owed Zinn five months' rent, i. e., the installments under the lease of $375 each, due December 15, 1948, and January 15, February 15, March 15, and April 15, 1949, aggregating $1875. This was secured

by both the statutory lien under Article 5238 of Vernon's Civil Statutes of Texas [2] and by contract lien set forth in Zinn's lease on all of the personal property of bankrupt in such store building, including such air conditioning units. And since such rents were *not* "more than six (6) months due," the Referee was in error in holding that it was necessary for Zinn, in order to preserve his statutory lien, to file in the office of the County Clerk "a sworn statement of the amount of rent due," etc. Industrial State Bank v. Oldham, Tex.Sup., 221 S.W. 2d 912.

4. As part of the $1875 owing to Zinn was included in the $300 which the Referee allowed Zinn, with priority of payment, for the use of his building after the date of bankruptcy, the Referee was correct in allowing Zinn the sum of $1750 (two items, $625 and $1125). But the Referee erred in refusing to recognize and allow same as a claim secured both by the statutory lien under Article 5238 and the contract lien given or reserved in the lease on *all* of the personal property of bankrupt in the building *including such air conditioning units*. Apparently the Referee refused to recognize such statutory and contract liens on the theory that Zinn was *only* entitled to a *priority* claim for rent for three months under Sections 63, 64, and 67 of the Bankruptcy Act, Sections 103, 104, and 107, Title 11 U.S.C.A. But I am cited to no authority or case and know of none which holds that the Bankruptcy Act strikes down or displaces a contract lien such as Zinn has here or a landlord's lien under the Texas statutes, Article 5238, which gives landlords a preference lien, as distinguished from the laws of some of the other States which give landlords only a right to fix or acquire such a lien. I think that Zinn, to secure his claim for $1750, had and was entitled to have recognized and enforced *both* such contract and statutory liens, as well as the three months' preference right given him by Section 64 of the Bankruptcy Act.

5. But Zinn says that his contract and statutory liens securing his claim not only cover such air conditioning units, but are *superior* to the lien of Moseley.

Certainly Zinn's contract lien given or reserved in such lease is neither equal to nor superior to Moseley's lien, because such lease has never been filed as a chattel mort-

2. Article 5238 is as follows:

"All persons leasing or renting any residence, storehouse or other building, shall have a preference lien upon all property of the tenant or of any subtenant of such tenant in such residence, storehouse or other building, for the payment of rents due and to become due provided that in order to secure the lien for rents that are more than six (6) months due, it shall be necessary for the person leasing or renting any storehouse or other building which is used for commercial purposes, to file in the office of the county clerk of the county in which such storehouse or such other building is situated, a sworn statement of the amount of rent due; itemized as to the months for which it is claimed to be due, together with the name and address of the tenant and/or subtenant, a description of the rented premises, the date on which the rental contract began and that on which it is to terminate, verified by the person claiming such lien, his agent or attorney, and such statement when so verified shall be recorded by the county clerk in a book to be provided for such purpose. No lien for rent more than six (6) months past due upon any storehouse or other building rented for commercial purposes shall be valid as against bona fide purchasers or unsecured or lien creditors of said tenant and/or subtenant, unless said statement shall be verified, filed and recorded as above provided.

"Each county clerk shall keep an alphabetical index for the purpose of recording the rental liens above described. The lien for rents to become due shall not continue or be enforced for a longer period than the current contract years, it being intended by the term 'current contract years' to embrace a period of twelve (12) months, reckoning from the beginning of the lease or rental contract, whether the same be in the first or any other year of such lease or rental contract. Such lien shall continue and be in force so long as the tenant shall occupy the rental premises, and for one (1) month thereafter; but this Article shall not be construed as in any manner repealing or affecting any Act exempting property from forced sale."

gage under Article 5490 of Vernon's Civil Statutes of Texas.[3]

6. It is true also that Zinn's statutory lien, under Article 5238, securing that part of the rent owing to Zinn which came due *during the second year of the lease* (after April 15, 1949) is under Article 5238 inferior to Moseley's lien. Industrial State Bank v. Oldham, supra.

7. The Statutory Lien of Zinn securing the part of the rent owing *during the first year of the lease* (prior to April 15, 1949) is superior to Moseley's lien, and the Referee was in error in holding that it is not. Industrial State Bank v. Oldham, supra.

However, the Referee's orders may be upheld under the rule of marshaling of assets. This would require that Zinn be paid the $1750 out of the proceeds of the sale of the personal property contained in the building *other than the air conditioning units*. This in effect is what the Referee has done, except that he directs the payment of $1125 to Zinn, when he should have directed the payment of $1750.

Let an order be drawn, affirming the Referee's two orders, except that the two items therein of $625 and $1125, aggregating $1750, are to be paid in full out of funds derived from the sale of personal property in the store building other than the proceeds of the sale of the air conditioning units.

**GRAY TOOL CO. v. HUMBLE OIL & REFINING CO.**

Civ. No. 2747.

United States District Court
S. D. Texas, Houston Division.

April 19, 1949.

Rowland & Bouldin (Jack W. Rowland and Homer T. Bouldin), of Houston, Texas, and Cushman, Darby & Cushman (William M. Cushman and John W. Malley), of Washington, D. C., for plaintiff.

Vinson, Wilkins, Weems & Francis (J. V. Martin and Jack D. Head), Nelson Jones, and Earl Babcock, all of Houston, Texas, for defendant.

KENNERLY, Chief Judge.

This is a suit by Gray Tool Company, plaintiff, against Humble Oil & Refining Company, defendant, charging infringement of Patents Nos. 2,082,413, 2,117,444, 2,150-887, and 2,241,333. Defendant has filed its Motion for Summary Judgment, basing it wholly and solely upon the Pleadings, Depositions and Affidavits, etc. filed by plaintiff herein.

In presenting such Motion, defendant stands upon Carbice Corp. v. American Patents Develop. Corp., 283 U.S. 27, 51 S.Ct. 334, 75 L.Ed. 819; Leitch Mfg. Co. v. Barber Co., 302 U.S. 458, 58 S.Ct. 288, 82 L.Ed. 371; Morton Salt Co. v. G. S.

---

3. The applicable portion of Article 5490 is as follows: "Every chattel mortgage, deed of trust, or other instrument of writing, intended to operate as a mortgage, or lien upon personal property, and every transfer thereof which shall not be

Suppiger Co., 314 U.S. 488, 62 S.Ct. 402, 86 L.Ed. 363; Mercoid Corp. v. Mid-Continent Investment Co. et al., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376; Mercoid Corp. v. Minneapolis-Honeywell Regulator Co., 320 U.S. 680, 64 S.Ct. 278, 88 L.Ed. 396; B. B. Chemical Co. v. Elmer A. Ellis et al., 314 U.S. 495, 62 S.Ct. 406, 86 L.Ed. 367; Id., 1 Cir., 117 F.2d 829; Paul E. Hawkinson Co. v. Dennis, 5 Cir., 166 F.2d 61; American Lecithin Co. v. Warfield Co., 7 Cir., 105 F.2d 207; Lincoln Electric Co. v. Linde Air Products Co., 6 Cir., 171 F.2d 223; Philad Co. v. Lechler Laboratories, Inc., 2 Cir., 107 F.2d 747; and contends that plaintiff is using and/or attempting to use the patents in suit to establish a monopoly on the sale of articles or equipment not covered by such patents, and, therefore, plaintiff's suit should be dismissed.

accompanied by an immediate delivery and be followed by an actual and continued change of possession of the property mortgaged, pledged, or affected by such instrument, shall be absolutely void as against the creditors of the mortgagor or person making same, as against subsequent purchasers and mortgagees or lien holders in good faith, unless such instrument, or a true copy thereof, shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated, or if the mortgagor or person making the same be a resident of this State, then, of the county of which he shall at that time be a resident". etc.